UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LYNDA C. WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No: 21 CV 5343 |
| | ) | |
| vs. | ) | |
| | ) | |
| **WYE COMMUNICATIONS, LLC**, and | ) | |
| **FINN PARNERS, INC.** | ) | |
| (Jointly and Severally) | ) | |
| | ) **JURY DEMAND** | |
| **Defendant.** | ) | |

**COMPLAINT
AS AND FOR A FIRST COUNT OF ACTION
(Title VII-RACE DISCRIMINATION)**

**Nature of the Action**

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991 ("ACT"), for the Defendant, **WYE COMMUNICATIONS, LLC**, ("WYE" or Defendant) **and FINN PARNERS, INC.** ("FINN" or Defendant) having subjected Plaintiff, **LYNDA C. WEST**, hereinafter ("WEST" or "Plaintiff") to race discrimination (disparate treatment), despite WEST's complaints about same.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345, 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("ACT"), 42 U.S.C.A. §§ 2000 (e) et seq.

3. The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois Northern Division.

## PARTIES

4. WEST is an African American female was a resident at the time of her wrongful termination was Joliet, Will, County, Illinois.

5. WEST was an employee of WYE as a Multimedia which is part of The Stagwell Group focusing on organizations transformation.

6. At all times relevant, WYE is a Foreign Corporation organized under the laws of Delaware and doing business in Illinois.

7. WYE is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

5. WEST was also an employee of FINN as a Multimedia focusing on organizations transformation.

6. At all times relevant, FINN is a Foreign Corporation organized under the laws of New York and doing business in Illinois and part owner of WYE.

7. FINN is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## STATEMENT OF CLAIMS

8. This action brought against the Defendant, WYE and FINN having subjected Plaintiff, WEST to race discrimination by failure to treat her the same as non-African American (Black) employees and allowing her to be subjected to unfair racial treatment in discipline despite WEST complaints about same, as she was subjected to excessive discipline and terminated on May 1. 2020.

9. Defendants by its action or actions of its agents, caused and unreasonably interfered with the terms and conditions of Plaintiff's employment and performance in her job and discipline, as compared to non-African American (Black) employees, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

10. By reason of the race discrimination and disparate treatment by Defendants, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

11. Further, said action on the part of the Defendants were done with malice and reckless disregard for Plaintiffs' protected rights.

12. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity (EEOC) on August 28, 2020. Those charges were timely filed, under the ACT. (See Exhibit "A"),

13. On July 8, 2021, Plaintiff was sent a notice from the EEOC of her right to bring this action (See Exhibit "B"), and Plaintiff timely filed this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(**TITLE VII SEX DISCRIMINATION**)

14. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C. 2000(e) *et seq*., for WYE and FINN having subjected WEST to sex discrimination by failure to treat her the same as male employees despite WESTs complaints about same.

**STATEMENT OF CLAIMS**

16. Beginning in 2019 until her termination in May 1, 2020 of 2019, her immediate supervisors treated the male employees to better terms and conditions of employment and discipline than they did with WEST. Further, WEST's supervisor knowingly treated WEST differently than male employees whose performance which was the same as, or less than that of WEST.

17. WYE and FINN intentionally subjected WEST to unequal and discriminatory treatment by discriminating based on her being subjected to excessive discipline compared to male employees.

18. By engaging in discriminatory conduct, WYE and FINN discriminated against WEST in violation of 42 U.S.C. 2000(e) as amended.

19. The discriminatory action of WYE and FINN as set forth above has caused WEST to suffer losses of earnings, and as a further proximate result of WYE and FINN's unlawful and intentional discriminatory actions against WEST, as alleged above, WEST has been harmed in that WEST has suffered in her position, her work environment became impaired and also her work performance.

20. As a further proximate result of WYE and FINN's unlawful and intentional discriminatory actions against WEST, as alleged above, WEST has been harmed in that WEST has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

21. All the above in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-3 *et seq*; as amended by <u>inter alia</u> the Civil Rights Act of 1991. 23. As a

result of such discrimination and consequent harm, WEST has suffered such damages in an amount according to proof.

22. Further, said action on the part of the WYE and FINN was done with malice and reckless disregard for WESTS protected rights.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Title VII-RETALIATION)

23. WEST realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. Defendants' agents have intentionally retaliated against WEST, based upon filing his prior complaints against WYE and FINN and how she was mistreated and the continuous impairment of her working conditions. Thereafter, Defendant's agents created a retaliatory and offensive hostile work environment by treating her differently than other employees in discipline and terminated on May 1, 2020. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

25. By reason of this retaliation by Defendants," WEST has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

26. Further, said action on the part of the Defendants was done with malice and reckless disregard for Plaintiff's protected rights.

## PRAYER FOR RELIEF

WHEREFORE, WEST prays for judgment as follows:

1. Declare the conduct engaged in by WYE and FINN to be in violation of WESTS rights;

2. For injunctive relief, including but not limited to reinstatement and relief required to make WEST whole for any losses caused by the violations of WYE and FINN and protect her from further mental harm;

3. For compensatory damages in an amount according to proof;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

LYDIA C. WEST

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
Attorney for Plaintiff
Address: 10 N. Martingale Road, Suite 400
City: Schaumburg, Illinois 60173
Telephone: (847) 466-1099